UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Builders FirstSource - Atlantic Group, LLC and Builders First Source - Florida, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Express Services, Inc. d/b/a Express Employment Professionals, <br><br> Defendant. | Case No. |

## COMPLAINT

Plaintiffs, Builders FirstSource – Atlantic Group, LLC and Builders FirstSource – Florida, LLC, by and through their undersigned counsel, sue Defendant, Express Services, Inc. d/b/a Express Employment Professionals, and state as follows:

### NATURE OF THE CASE

1. This action seeks damages stemming from Express Services Inc. d/b/a Express Employment Professionals' ("Express") breach of contract, specific performance of certain portions of that contract, common law indemnification from Express, and a declaration that Express has a contractual obligation to defend and indemnify Builders FirstSource – Atlantic Group, LLC ("BFS Atlantic") against claims asserted by Plaintiff Kelly Brabant in a lawsuit filed in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida (Case No: 2018 CA 000419 AN) (the "Underlying Lawsuit").

## THE PARTIES

2. Plaintiff Builders FirstSource – Atlantic Group, LLC is a limited liability company organized and existing under the laws of the State of Delaware and conducts business in Osceola County, Florida. Plaintiff Builders FirstSource – Atlantic Group, LLC is not a citizen of Oklahoma.

3. Plaintiff Builders FirstSource – Florida, LLC is a limited liability company organized and existing under the laws of the State of Delaware and conducts business in Osceola County, Florida. Plaintiff Builders FirstSource – Florida, LLC is not a citizen of Oklahoma.

4. Defendant Express Services, Inc. d/b/a Express Employment Professionals is a corporation organized and existing under the laws of the State of Colorado with its principal place of business in Oklahoma. Express Services, Inc. conducts business in Osceola County, Florida.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

6. This Court has personal jurisdiction over the Defendant. This cause of action arises out of Express operating, conducting, engaging in, or carrying on a business in the State of Florida and, therefore, Express is amenable to suit within the State of Florida pursuant to Fla. Stat. § 48.193(1)(A).

7. Moreover, Express has breached its contract with BFS Florida by failing to perform acts required to be performed in the State of Florida and, therefore, Express is amenable to suit within the State of Florida pursuant to Fla. Stat. § 48.193(1)(g).

8. Express has purposefully availed itself of the privileges and benefits of conducting business within the State of Florida by operating 36 offices within the State and systematically and continuously engaging in the business of providing temporary laborers to Florida businesses.

9. Venue in this district is proper under 28 U.S.C. §§ 89(b) and 1391(b)(2) and because a substantial part of the events giving rise to the Underlying Lawsuit occurred in this district.

## FACTUAL ALLEGATIONS

### The Temporary Labor Agreement

10. BFS Florida and Express entered into a Temporary Labor Agreement ("TLA") on October 13, 2015 whereby Express agrees to provide temporary laborers, as independent contractors, to BFS Florida in accordance with the terms of the agreement. A copy of the TLA is provided as **Exhibit A.**

11. The TLA is an arm's-length agreement between business entities of equal bargaining power.

12. The TLA embodies the entire agreement between the parties regarding Express' provision of temporary laborers to BFS Florida.

13. David Sellari, the signing party for Express, was an actual, apparent, or implied agent of Express and was expressly or impliedly authorized to enter into the TLA on Express's behalf.

14. The TLA was in force for an initial period of three years and automatically renews for subsequent one-year periods unless either party provides written notice of no more than 120 and no less than 60 days prior to the end of the then-current term. The TLA was within its initial three-year term at the time of the accident that is the subject of the Underlying Lawsuit.

15. The TLA provides that the agreement and relationship between Express and BFS Florida is to be governed by, construed in accordance with, and interpreted pursuant to Texas state law without giving effect to Texas's choice of law principles.

16. Pursuant to the explicit terms of the TLA, Express agreed to procure and maintain insurance for the benefit of itself and BFS Florida with the following specified minimum coverages:

   a. Workers Compensation – statutory limits
   b. Employers Liability Insurance - $500,000 or such higher limits imposed by law
   c. Comprehensive General Liability Insurance - $1,000,000 per occurrence, $1,000,000 products-completed operations aggregate, $1,000,000 general aggregate, broad form contractual liability coverage.
   d. Business Auto Liability (including hired and non-owned auto coverage) $500,000 combined single limit (Only required for Temporary Laborers who operate a motor vehicle for BFS).

4

17. The TLA requires Express to procure insurance naming BFS as an additional insured with ongoing products/completed operations coverage on the General Liability policy.

18. The TLA requires Express to procure insurance naming BFS as an additional insured on the Automobile Liability policy for any temporary laborer who operated a BFS vehicle.

19. The TLA explicitly provides that the insurance procured by Express be primary and non-contributory to any policies held by BFS Florida and that such insurance include a waiver of subrogation in favor of BFS Florida.

20. The TLA further explicitly requires Express, to the fullest extent allowed by law, to indemnify, defend, and hold harmless BFS and its affiliates from and against claims arising out of Express's provision of temporary laborers to BFS Florida, including claims arising from the negligence of a temporary laborer furnished by Express to BFS Florida.

21. Under the clear terms of the TLA, Express's obligation to procure insurance is separate and distinct from Express's obligation to defend and indemnify.

22. BFS Atlantic and BFS Florida share common ownership as both are subsidiaries of Builders FirstSource, Inc., therefore BFS Atlantic is an affiliate of BFS Florida.

**The December 16, 2016 Accident and the Underlying Lawsuit:**

23. This action centers on the rights and obligations of the parties related to an automobile accident that occurred in Osceola County, Florida on December 16, 2016 involving a vehicle owned by BFS Atlantic and operated by Mr. Spencer.

5

24. At the time of the accident at issue in the Underlying Lawsuit, Malcolm J. Spencer was an Express employee.

25. Pursuant to the terms of the TLA, Express provided Mr. Spencer to BFS Florida as a temporary laborer on the date of the accident that is the subject of the Underlying Lawsuit.

26. Mr. Spencer was driving a vehicle owned by BFS Atlantic on State Road 91 when he negligently took his eyes off the road and crashed into the rear of the vehicle owned and operated by Kellie M. Brabant.

27. Ms. Brabant filed the Underlying Lawsuit against Mr. Spencer and BFS Atlantic on February 14, 2018 alleging negligence against Mr. Spencer and vicarious liability under the dangerous instrumentality doctrine against BFS Atlantic. A copy of the Summons and Complaint in the Underlying Lawsuit is provided as **Exhibit B.**

28. According to the pleadings in the Underlying Lawsuit, Ms. Brabant suffered bodily injury, pain and suffering of both a physical and mental nature, and financial damages of a permanent or continuing nature as a result of the accident.

29. Mr. Spencer was a permitted operator of the BFS Atlantic vehicle and, at the time of the accident, was using the vehicle in the normal course of his work as an independent contractor for BFS Florida.

30. The Underlying Lawsuit does not allege any direct causes of action against either BFS Florida or BFS Atlantic.

31. All causes of action alleged against BFS Atlantic in the underlying lawsuit arise from the negligence of Mr. Spencer, who was at the time of the accident a temporary laborer and independent contractor furnished by Express to BFS Florida.

32. Mr. Spencer has admitted to liability and the only issue remaining for trial in the Underlying Lawsuit is a determination of damages.

33. Under Florida law BFS Atlantic, as the owner of the vehicle involved in the accident, is subject to strict vicarious liability for Mr. Spencer's negligence under the dangerous instrumentality doctrine.

34. BFS Atlantic has incurred and continues to incur substantial costs in defending against the claims in the Underlying Lawsuit.

35. BFS Atlantic is, as a matter of law, vicariously liable for whatever damages Ms. Brabant is found to be entitled to in the Underlying Lawsuit.

**The Zurich Policy and Requests for Indemnification to Express:**

36. Pursuant to the terms of the TLA, Express procured insurance policy number PRA 5854213-04 ("the Zurich Policy") with Zurich American Insurance Company ("Zurich").

37. The Zurich Policy was effective October 1, 2016 through October 1, 2017 and was in force at the time of the accident giving rise to the Underlying Lawsuit.

38. According to Zurich, the Zurich Policy does not provide additional insured status to BFS Florida or BFS Atlantic, and does not apply to afford primary coverage for the Underlying Lawsuit.

39. BFS Atlantic, through its counsel in the Underlying Lawsuit, sent a letter to Express demanding tender of its obligation to defend on or about February 19, 2019. No response to this demand was received.

40. On May 3, 2019 Counsel in the Underlying Lawsuit sent a second demand that Express fulfill its contractual obligations to defend and indemnify. No response to this demand was received from Express.

41. Counsel for BFS Atlantic sent a third letter, dated July 9, 2020, reiterating that Express is contractually obligated to defend and indemnify against the claims in the Underlying Lawsuit. No response to this letter was received from Express.

## FOR A FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT – FAILURE TO OBTAIN INSURANCE)

42. BFS Florida and BFS Atlantic incorporate by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

43. BFS Florida and Express, for valuable consideration, entered into a valid and legally enforceable contract (the TLA) on October 13, 2015 for the provision of temporary laborers by Express in return for money payments by BFS Florida.

44. BFS Florida has dutifully fulfilled is obligations under the contract by exchanging money for temporary laborers in accordance with the terms of the TLA.

45. Pursuant to terms of the TLA, Express was required to procure Auto Liability (including hired and non-owned auto coverage) with a $500,000 combined single limit covering Express employees who operated motor vehicles for BFS.

46. Pursuant to the terms of the TLA, the Auto Liability insurance procured by Express was to be primary and non-contributory to any policies held by BFS Florida.

47. Pursuant to the terms of the TLA, the Auto Liability insurance procured by Express was to contain a subrogation waiver in favor of BFS Florida.

48. Pursuant to the terms of the TLA, BFS Florida was to be named as an additional insured under the required Auto Liability insurance.

49. Express procured a Staffing Industry Hired Non-Owned Auto Liability Policy, policy number PRA 5854213-04, from Zurich (the "Zurich Policy").

50. In breach of the express terms of the TLA, the Zurich Policy apparently does not specifically state or contain an endorsement specifically naming BFS Florida as an additional insured under the policy, and does not apply to afford primary coverage for the Underlying Lawsuit.

51. Express's breach of contract by failing to procure adequate insurance has and continues to cause actual and consequential damage BFS Florida and its affiliate BFS Atlantic in several ways, including, but not limited to, BFS Florida and BFS Atlantic funding their own defense, rather than being provided a defense and/or indemnification, from Express's insurance carrier.  Additionally, BFS Atlantic will be damaged in the future to the extent a judgment is entered against BFS Atlantic in the Underlying Lawsuit and Express fails to indemnify BFS Atlantic.

## FOR A SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT – REFUSAL TO DEFEND)

52. BFS Florida and BFS Atlantic incorporate by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

53. Pursuant to the terms of the TLA, Express agreed that it would defend, indemnify, and hold harmless BFS Florida and its affiliates, to the fullest extent allowed by law, against claims arising out of the negligence of temporary laborers provided to BFS Florida and its affiliates.

54. Express's obligation to defend is separate and distinct from its obligation to procure insurance under the TLA and is not dependent upon whether Express's insurance provides coverage.

55. Because the Underlying Lawsuit alleges vicarious liability against BFS Atlantic, an affiliate of BFS Florida, predicated on the negligent act of a temporary laborer furnished by Express, the duty to defend under the TLA has been triggered.

56. In breach of the terms of the TLA, Express has refused repeated demands by BFS Atlantic to tender a defense in the Underlying Lawsuit.

57. Express's breach of contract has damaged and continues to damage BFS Atlantic, as BFS Atlantic has incurred and continues to incur defense costs in the Underlying Lawsuit.

58. Express's breach of contract has further damaged and continues to damage BFS Atlantic, as BFS Atlantic has been forced to commence the instant action and incur litigation expenses in order to assert its rights under the TLA.

59. Therefore, BFS Atlantic is entitled to damages in the amount of defense costs expended in defending itself in the Underlying Lawsuit, as well as damages in the amount of any judgment entered against BFS Atlantic in the Underlying Lawsuit.

### FOR A THIRD CAUSE OF ACTION
### (SPECIFIC PERFORMANCE/INJUNCTIVE RELIEF)

60. BFS Florida and BFS Atlantic incorporate by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

61. The terms of the TLA provide for an initial three-year term with automatic renewal for one-year terms unless either party provides written notice no more than 120 and no less than 60 days prior to expiration of the then-current term.

62. BFS Florida and Express have continued the TLA in force under automatic renewals and the parties continue to conduct business with each other under the TLA as entered into on October 13, 2015.

63. BFS Florida has dutifully upheld its obligations to pay money to Express in exchange for Express providing temporary laborers as needed pursuant to the terms of the TLA.

64. Express is in continuous breach of the TLA by failing to procure insurance policies meeting the explicit requirements of the TLA.

65. Express was at all times and is currently capable of obtaining insurance coverage that meets the specifications of the TLA.

66. Express's continuing breach of its obligations to procure insurance policies meeting the specifications of the TLA deprives BFS Florida of the "benefit of the bargain"

in several ways, including, but not limited to a deprivation of a primary defense and/or indemnification from Express's insurance carrier.

67. Due to the parties' ongoing and continued business relationship and the continuing nature of the resulting damages, monetary relief would not adequately compensate BFS Florida for the ongoing and continuing harm suffered.

68. Express's specific performance of its contractually agreed upon obligations is the only adequate means of remedying its ongoing and continuing breach of the TLA.

69. Therefore, BFS Florida is entitled to injunctive relief in the form of an order compelling Express to procure insurance policies meeting the specifications of the TLA.

### FOR A FOURTH CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

70. BFS Florida and BFS Atlantic incorporate by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

71. BFS Atlantic has made demands that Express defend and indemnify it against the claims asserted in the Underlying Lawsuit as required under the TLA.

72. Express has submitted these demands to its insurer, Zurich, who has in turn denied coverage in accordance with the terms of the Zurich Policy issued to Express.

73. BFS Atlantic and BFS Florida are in doubt as to their rights under the TLA, and as to its rights under the Zurich policy.  Specifically, BFS Atlantic and BFS Florida believe that the Zurich policy does not meet the contractual requirements of the TLA.

74. There is now a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

75. Therefore, BFS Florida and BFS Atlantic are entitled to and hereby seek a determination from this Court that the Zurich Policy does not meet the contractual requirements of the TLA.

76. BFS Florida and BFS Atlantic are further entitled to and hereby seek a declaration from this Court that, because of its failure to procure insurance as agreed in the TLA, Express be treated as an insurer of its agreement and be subject to all duties and obligations of an insurer with respect to this incident, including but not limited to liability for bad faith refusal to defend and indemnify.

### FOR A FIFTH CAUSE OF ACTION
### (BREACH OF CONTRACT – ANTICIPATORY REPUDIATION)

77. BFS Florida and BFS Atlantic incorporate by reference the allegations set forth in the preceding paragraphs as if fully restated herein. This Cause of Action is plead in the alternative to the Second Cause of Action.

78. BFS Atlantic has, on three separate occasions, made demands that Express agree to uphold its contractual obligation to defend and indemnify it against the claims in the Underlying Lawsuit.

79. Express has not directly responded to BFS Atlantic's demands.

80. Express's obligation to indemnify is, under the clear terms of the TLA, separate and distinct from its obligation to procure insurance and is not dependent upon whether Express's insurance provides coverage.

81. Under the express terms of the TLA, Express is contractually obligated to indemnify BFS Atlantic for any and all damages incurred as a result of Mr. Spencer's negligence in the Underlying Lawsuit.

82. Express's unresponsiveness to BFS Atlantic's demands, combined with Zurich's letters denying coverage and indemnity on behalf of Express, are a clear, unambiguous refusal to render future performance required by the TLA.

83. Because Express has anticipatorily repudiated its obligations to indemnify under the TLA, BFS Atlantic is entitled to bring suit for breach and seek damages immediately.

84. BFS Atlantic has suffered damages as a result of Express's anticipatory repudiation of the TLA in that it has incurred increased defense costs in the Underlying Lawsuit, and has been forced to incur litigation costs to bring the instant action to assert its rights under the TLA.

**FOR A SIXTH CAUSE OF ACTION**
**(DECLARATORY JUDGMENT)**

85. BFS Florida and BFS Atlantic incorporate by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

86. BFS Atlantic has made demands that Express uphold its contractual obligation to indemnify it against the claims asserted in the Underlying Lawsuit as required under the TLA.

87. Express has relied solely upon coverage opinions submitted by Zurich in response to BFS Atlantic's demands. Express has not, to date, directly responded to BFS Atlantic's demands for indemnification, even though those demands were sent directly to Express in order for Express to honor its indemnification obligations under the TLA.

88. BFS Atlantic has, and continues to maintain, that Express's obligation to indemnify under the TLA is separate and distinct from Express's obligation to procure insurance and is not dependent upon whether Express's insurance provides coverage.

89. BFS Atlantic and BFS Florida are in doubt as to their rights under the TLA. Specifically, BFS Atlantic and BFS Florida are in doubt as to whether Express's duty to defend and indemnify is separate and distinct from its duty to afford insurance coverage.

90. Because BFS Atlantic is, by law, vicariously liable for Mr. Spencer's negligence, and Mr. Spencer's negligence has already been established in the Underlying Lawsuit, There is now a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

91. BFS Atlantic and BFS Florida are entitled to a judicial determination that Express is, under the clear terms of the TLA, contractually obligated to indemnify BFS Atlantic for damages assessed in the Underlying Lawsuit, regardless of whether Express's insurance provides coverage.

92. Therefore, BFS Atlantic and BFS Florida seek a determination from this Court that the TLA requires Express to defend and indemnify BFS Atlantic against claims raised in the Underlying Lawsuit, regardless of whether Express's insurance carrier has a concurrent duty to defend and indemnify.

## FOR A SEVENTH CAUSE OF ACTION
### (COMMON LAW INDEMNITY)

93. BFS Atlantic incorporate by reference the allegations set forth in the preceding paragraphs as if fully restated herein.

94. This is an action by BFS Atlantic against Express for common law indemnity arising out of claims made by Kellie M. Brabant.

95. As a result of Express's performance under the TLA and its employee's alleged failure to exercise due care, BFS Atlantic has been sued in the Underlying Action.

96. Express and BFS Atlantic have a special relationship such that BFS Atlantic is being held vicariously, technically, or derivatively liable for the actions undertaken by Express's employee.

97. BFS Atlantic is wholly without fault, and Express is entirely at fault, for any and all damages sought by Kellie M. Brabant.

98. BFS Atlantic has incurred, and continue to incur, costs and fees in its defense which costs and fees are ultimately and rightfully the sole responsibility of Express.

99. BFS Atlantic faces liability which is ultimately and rightfully the sole responsibility of Express.

**WHEREFORE**, BFS Atlantic and BFS Florida pray that this Court inquire into this matter and Order the following relief:

a. Enter a judgment against Defendant on all Causes of Action.

b. Issue an order compelling Defendant to procure insurance in compliance with the TLA or, failing that, grant declaratory judgment that Defendant is an insurer of its own agreement and is amenable to suit as such;

c. Grant declaratory judgment that Express is contractually obligated to indemnify BFS Atlantic for fees and costs expended and damages assessed in the Underlying Lawsuit;

d. Award Plaintiffs monetary damages in an amount to be proven at trial;

e. Attorneys' fees and the costs of this action; and

f. Any such other and further relief as equity may require and the Court deems just and proper.

**NELSON MULLINS RILEY & SCARBOROUGH**

By */s/ Tanya L. Cronau*
GINGER BARRY BOYD
Florida Bar 294550
ginger.boyd@nelsonmullins.com
TANYA L. CRONAU
Florida Bar 98479
tanya.cronau@nelsonmullins.com
215 South Monroe Street
Suite 400
Tallahassee, FL 32301
(850) 681-6810

*Attorneys for Builders FirstSource – Atlantic Group, LLC and Builders FirstSource – Florida, LLC*

4815-9286-6537